UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DZHEISON FORD** | **CIVIL ACTION NO. 20-1170** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **TIMOTHY DUCOTE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

This is an immigration proceeding. On September 30, 2020, the Magistrate Judge issued a Report and Recommendation [Doc. No. 16] in which she recommended that the Court grant the Writ of Habeas Corpus filed by Dzheison Ford ("Ford"), ordering the immigration judge to conduct an individualized bond hearing of Ford. To the Report and Recommendation, the Respondents, Timothy Ducote ("Ducote") and Diane T. Witte ("Witte") filed an Objection [Doc. No. 17]. Ford filed a Reply [Doc. No. 18].

For the reasons set forth herein, this Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 16] and DISMISSES FORD'S Petition for Writ of Habeas Corpus [Doc. No. 1].

**I.   BACKGROUND**

Ford is a citizen of Russia, who arrived at the Hidalgo, Texas Port of Entry on September 3, 2019, seeking asylum. Ford was inadmissible due to lack of entry documents. [Doc. No. 6, Exh. 12]. As an "arriving alien," under 8 U.S.C. § 1225(b), Ford was given an initial credible fear interview on September 18, 2019. The asylum officer found Ford credible and to have a reasonable fear of persecution [Doc. No. 6, Exh. 3]. Ford was then placed in standard removal proceedings.

[Doc. No. 6, Exh. 1].

Ford was then transferred to the Jackson Parish Correctional Facility in October 2019, where he remains today. [Doc. No. 14, Exh. 7]. On March 3, 2020, Ford had a merits hearing on his claim for relief from removal. The immigration judge found Ford had established a clear probability of persecution in Russia on account of his pollical opinion. The immigration judge granted Ford's application for withholding of removal but denied Ford's request for asylum due to the "third party transit rule."[1] [Doc. No. 6, Exh. 4].

The decision was appealed by the DHS, and the appeal is pending. (A briefing deadline is set for October 28, 2020). Ford remains detained pending the appeal. Requests by Ford for release on parole were denied. [Doc. No. 13, Exh. A]. On September 9, 2020, Ford filed the pending Petition for Writ of Habeas Corpus [Doc. No. 1], alleging that his prolonged detention without a bond hearing violates the Due Process Clause of the U.S. Constitution.

The Report and Recommendation [Doc. No. 16] recommended that the Court grant Ford's Writ of Habeas Corpus, ordering the immigration judge to hold a bond hearing.

## II.     LAW AND ANALYSIS

In reviewing a dispositive pretrial matter assigned to a magistrate judge, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also Davidson v. Georgia-Pacific, L.L.C.,* 819 F.3d 758, 765 (5th Cir. 2016).

---

[1] The "third party transit rule" prohibits asylum to an alien who attempts to enter the United States after transiting through at least one country outside of the alien's country or citizenship, en route to the United States. 8 CFR 1208.13(c)(4)

Ford concedes that 8 U.S.C. § 1225(b), which governs aliens like Ford, does not contain a provision for a bond hearing. Ford argues that his continued detention without a bond hearing is a violation of the Due Process Clause of the United States Constitution and that 8 U.S.C. § 1225(b), as applied to him, is unconstitutional.

The Respondents argue that no right exists for a bond hearing under 8 U.S.C. § 1225(b) and that the statute is constitutional, as applied to Ford.

Control over matters of immigration is a sovereign prerogative, largely within the control of the executive and legislative branches of government. *Landon v. Plasencia*, 459 U.S. 21 (1982). Such matters are exclusively entrusted to the political branches of government, largely immune from judicial inquiry or interference. *Harisiades v. Shaughnessy*, 342 U.S. 580 (1952).

The pertinent portion of 8 U.S.C. § 1225(b)(1)(B)(ii) states as follows:

> "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."

As judges, our job is to interpret the law enacted by the legislative and executive branches of government. The statute does not provide for a bond hearing. The language "shall be detained" is clear.

Respondents cite persuasive authority. In *In re M-S-*, 27 I & N Dec. 509 (2019), the Attorney General of the United States concluded that Section 1225 (b)(1)(B)(ii) requires detention until removal proceedings conclude, except for the possibility of parole, and cannot be read to contain an implicit exception for bond.

In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim.

Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.

In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.

Also, like Ford, Kim relied on the case of *Zadvydas v. Davis,* 533 U.S. 678 (2001). In *Zadvydas,* two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. § 1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id.* at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal

4

period, to remove aliens ordered deported. *Id.* at 702.

The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."

Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. *See also Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).[2]

The Magistrate Judge incorrectly relied on *Zadvydes*. As discussed, *Zadvydes* only applies when the alien's detention is "indefinite" or "potentially permanent." That is not the case here.

**III. CONCLUSION**

For the reasons stated herein, this Court DECLINES TO ADOPT the Report and Recommendation [Doc. No. 16] and DISMISSES Dzheison Ford's Petition for Writ of Habeas Corpus [Doc. No. 1], WITH PREJUDICE.

MONROE, LOUISIANA, this 2nd day of November, 2020

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] In *Jennings v. Rodriguez,* a Mexican citizen and lawful permanent resident of the United States filed a petition for writ of habeas corpus on behalf of himself and other aliens detained for over six months without a bond hearing. The Supreme Court reversed the District Court and Ninth Circuit Court of Appeals finding detention until the asylum application is finished is a specified period of time and did not violate Rodriguez's due process rights.